## JOHN M. MOORE

*v.*

### THE PEOPLE *ex rel.* Patrick J. Dunne.

*Filed at Springfield June 11, 1896—Rehearing denied January 14, 1897.*

This case is controlled by the opinion in *People ex rel.* v. *O'Toole,* (*ante,* p. 344.)

*People ex rel.* v. *Moore,* 60 Ill. App. 547, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding.

P. T. KEILY, and F. H. ATWOOD, for appellant.

JACOB J. KERN, State's Attorney, and JULIUS & L. ROSENTHAL, (T. A. COFFEY, of counsel,) for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

An information in the nature of a *quo warranto* was filed by the State's attorney of Cook county, on the relation of Patrick J. Dunne, against the appellant, charging that he had usurped and intruded himself into the office of justice of the peace of the town of Lake, in Chicago, Cook county. The circuit court found the defendant not guilty. That judgment was reversed by the Appellate Court and the cause was remanded, with directions to enter a judgment of ouster against appellant, with a nominal fine.

The questions involved in this case are the same as in the case of *People ex rel.* v. *O'Toole,* (*ante,* p. 344.) The appellant was recommended by the judges of the courts of record of Cook county to succeed himself in the office of justice of the peace. The Governor appointed and commissioned, as the successor of appellant, one John Fitzgerald, who had not been recommended as such successor, but who was recommended to succeed one J. J. Hennessy, and said Fitzgerald was designated by the county clerk to succeed appellant.

We have held in the case of *People ex rel.* v. *O'Toole* that the Governor has no power to appoint to the office of justice of the peace any person other than the one recommended by a majority of the judges, and that the county clerk has no power to designate what office the person appointed shall hold. The decision in that case will control the judgment in this, and the judgment of the Appellate Court will therefore be reversed and that of the circuit court affirmed.

*Judgment reversed.*